IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KRISTI SHADDOCK, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| KAWNEER COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Kristi Shaddock (hereinafter "Plaintiff"), and files this lawsuit against Defendant Kawneer Company, Inc. (hereinafter "Defendant"), and shows the following:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for Defendant's violations of the Family and Medical Leave Act of 1993, 29 USC § 2601 *et seq*. ("FMLA"). In addition, Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 USC § 201 *et seq*. (hereinafter "FLSA"), to recover unpaid, federally-mandated overtime wages owed to Plaintiff, an additional equal amount as

liquidated damages, and reasonable attorneys' fees and costs.

## II. Jurisdiction and Venue

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 1337, 29 USC § 216(b) of the FLSA, and 28 USC § 1343(4).

3.

In accordance with 28 U.S.C. § 1391 and 29 USC § 216(b), venue is appropriate in this Court, as Defendant is a Georgia corporation, and the unlawful employment practices described herein occurred at Technology Park 555 Guthridge Court, Norcross, GA, 30092.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and resident of the State of Georgia. Plaintiff is subject to the jurisdiction of this Court.

5.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under 29 USC § 203(e).

6.

During her employment with Defendant, Plaintiff worked an amount of time that was more than forty (40) hours were workweek and was not paid an overtime wage differential.

7.

At the time Plaintiff requested and took a medical leave of absence in May 2011, Plaintiff was an "eligible employee" under the FMLA, subject to the protections of the FMLA.

8.

As of the date Plaintiff commenced her medical leave of absence in May 2011, Plaintiff was employed by Defendant for at least 12 months. Plaintiff was also employed by Defendant for at least 1,250 hours of service during the 12-month period immediately preceding commencement of the leave.

9.

Plaintiff was employed at a worksite where Defendant employed at least 50 employees within a 75-mile radius for each working day during each of 20 or more calendar workweeks in the 2010 or 2011 calendar year.

10.

Defendant is a domestic corporation that is registered in Georgia and is entitled to do business in Georgia. Defendant is a producer of architectural aluminum building products and systems for the commercial construction industry.

11.

Defendant is an "employer" within the definition of the FLSA, 29 USC § 203(d). Defendant is governed by and subject to the FLSA, 29 USC §§ 204 and 207.

12.

Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of 29 USC § 203(r) and (s).

13.

Defendant's gross revenues exceed $500,000 per year.

14.

Defendant has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

15.

Defendant has employees that produce aluminum building products, which Defendant distributes to clients located outside of the state of Georgia.

16.

Defendant, at all times relevant hereto, has employed more than the requisite number of persons for the requisite duration under the FMLA to be considered a "covered employer" as defined by the FMLA, 29 U.S.C. § 2601 *et seq*.  Defendant is governed by and subject to the FMLA.

17.

Defendant may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, CT Corp System, 1201 Peachtree St, Atlanta, Georgia 30361.

**FACTUAL ALLEGATIONS**

18.

Defendant hired Plaintiff on April 16, 2006, as a Credit Analyst. Plaintiff was subsequently promoted to Senior Credit Analyst and occupied this position until her termination on July 11, 2011.

19.

In both the Credit Analyst and Senior Credit Analyst position, Plaintiff's duties included debt collections, running reports, maintaining customer files, updating customer information, and customer service.

20.

Plaintiff was not responsible for hiring and firing.

21.

Plaintiff did not perform any primary duties in which she exercised independent discretion and judgment with respect to matters of significance.

22.

Mendy Randall was Plaintiff's manager. Ms. Randall was the decisionmaker over Plaintiff.

23.

Plaintiff ran reports on collections and provided them to Ms. Randall. Plaintiff also escalated collections issues and cash department issues to Ms. Randall.

24.

Ms. Randall made and/or communicated decisions concerning matters of significance to Plaintiff. Plaintiff did not make these decisions.

25.

Defendant paid Plaintiff a salary and a yearly performance bonus.

26.

Plaintiff's set salary was approximately $57,300.

27.

Plaintiff worked over 40 hours per week for nearly every week of her employment with Defendant, until Plaintiff went out on medical leave in May 2011.

28.

During Plaintiff's employment with Defendant, Plaintiff worked, on average, 50 to 60 hours per week, or 10 to 20 overtime hours per week.

29.

During Plaintiff's employment with Defendant, Plaintiff was not paid the overtime wage differential required by the FLSA, 29 U.S.C. §207, on the occasions that Plaintiff worked over forty (40) hours in a workweek.

30.

In 2011, Plaintiff had a serious health condition that required Plaintiff to take a medical leave of absence from work.

31.

Plaintiff's doctor prescribed that Plaintiff take medical leave from May 20, 2011, through July 10, 2011.

32.

Defendant received proper notice, prepared by Plaintiff's doctor, of Plaintiff's need for FMLA-protected medical leave from May 20, 2011, through July 10, 2011.

33.

Plaintiff also applied for short term disability benefits and received such benefits during her leave period.

34.

On July 11, 2011, Plaintiff returned to work following her FMLA-protected medical leave of absence.

35.

Defendant terminated Plaintiff the same day that she returned to work, July 11, 2011.

36.

Defendant told Plaintiff multiple reasons for her termination.

37.

Defendant alleged to Plaintiff that she had not contacted some customers in a year.

38.

Defendant also alleged to Plaintiff that she had given out her cell phone number to customers and had used her cell phone for personal conversations with customers. Defendant also told Plaintiff that no other employee had done this.

39.

Defendant also alleged to Plaintiff that she had deleted all her emails when she turned in her laptop prior to taking FMLA leave.

40.

Defendant also alleged to Plaintiff that she had shown very poor judgment in April 2011 concerning an "ethical dilemma."

41.

Based on these allegations, Defendant told Plaintiff that she was being terminated.

42.

Defendant never gave Plaintiff any written reprimands or disciplinary actions during her employment with the company.

43.

Plaintiff received positive year-end performance evaluations during her time at the company.

44.

Defendant gave Plaintiff an average year-end performance evaluation after Plaintiff was out on leave for approximately two weeks due to a knee injury.

45.

Defendant never gave Plaintiff a negative year-end performance evaluation during her time with the company.

## COUNT ONE
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE FAIR LABOR STANDARDS ACT.

46.

Plaintiff performed non-exempt labor for Defendant within the last three years, including during the period from May 1, 2009, through May 20, 2011. During this period, Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week and failed to compensate her for hours worked in excess of forty (40) hours per week at a rate of at least one and one half times the regular rate at which she was employed, in violation of the FLSA.

47.

Defendant's actions, policies and/or practices violate the FLSA's overtime requirement in that Defendant regularly and repeatedly failed to compensate Plaintiff at the required overtime rate.

48.

Defendant knew, or showed reckless disregard for the fact, that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

49.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to Plaintiff that are sufficient to determine her wages, hours and other conditions and practices of employment, in violation of the FLSA.

50.

Defendant's conduct was willful and in bad faith.

51.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover the overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## COUNT TWO
## TERMINATION IN INTERFERENCE
## WITH RIGHTS UNDER THE
## FAMILY AND MEDICAL LEAVE ACT

52.

Plaintiff had a serious health condition.

53.

At the time Plaintiff took a medical leave of absence for her serious health condition, Plaintiff was qualified and eligible under the FMLA for a medical leave of absence.

54.

Plaintiff provided Defendant with proper notice of her need to take absences that may be FMLA qualifying.

55.

At the time Plaintiff returned to work after taking medical leave, she had not exceeded 12 weeks of protected leave within any 12 month period under the FMLA.

56.

At the time Plaintiff returned to work after taking medical leave, Plaintiff was entitled to reinstatement to the position she had occupied prior to taking medical leave, or to a similar position.

57.

In taking medical leave for her serious health condition, Plaintiff engaged in conduct protected under the FMLA, entitling her to all appropriate relief under the statute.

58.

In terminating Plaintiff upon her return from medical leave, Defendant interfered with Plaintiff's rights under the FMLA, in violation of the FMLA.

### COUNT THREE
### RETALIATION FOR EXERCISING RIGHTS
### AND ENGAGING IN PROTECTED CONDUCT UNDER
### THE FAMILY AND MEDICAL LEAVE ACT

59.

Plaintiff was unable to work because of her serious health condition.

60.

Plaintiff provided Defendant with proper notice of her need to take absences that may be FMLA qualifying.

61.

In taking medical leave for her serious health condition, Plaintiff engaged in conduct protected under the FMLA, entitling her to all appropriate protection and relief under the statute.

62.

Defendant provided multiple reasons to Plaintiff for her termination. Defendant's reasons for termination are a pretext for the termination. Defendant did not write up Plaintiff for an alleged "ethical dilemma." Instead, Defendant resolved this issue with Plaintiff prior to Plaintiff taking FMLA leave. Defendant also did not reprimand other employees who engaged in conduct that Defendant cited against Plaintiff at the time of her termination.

63.

Defendant terminated Plaintiff because Plaintiff exercised her FMLA rights.

64.

Defendant's conduct in terminating Plaintiff was not in good faith.

65.

In terminating Plaintiff upon her return from medical leave, Defendant retaliated against Plaintiff for exercising her rights under the FMLA and for engaging in protected conduct under the FMLA, each in violation of the FMLA. Plaintiff is therefore entitled to all appropriate relief under the statute.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact and Counts in the Complaint;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 USC §§ 207 and 206(d); liquidated damages as provided by the FLSA, 29 USC § 216; prejudgment interest on unpaid wages pursuant to the FLSA, 29 USC § 216; and court costs, expert witness fees, and reasonable attorneys' fees, as provided by the FLSA, 29 USC § 216;

(C) Enter judgment awarding Plaintiff back wages; liquidated damages; reinstatement and/or front pay; the costs of litigation, including court costs and expert witness fees; reasonable attorneys' fees; and all other remedies allowed under the FMLA;

(D) Grant declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights; and

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the  18th  day of May, 2012.

                              **BARRETT & FARAHANY, LLP**

                              s/ Michael W. Cohen
                              Amanda A. Farahany
                              Georgia Bar No. 646135
                              Michael W. Cohen
                              Georgia Bar No. 274813
                              Attorneys for Kristi Shaddock

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this document complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia, and has been typed in Times New Roman 14 point.

                                           s/ Michael W. Cohen
                                           Michael W. Cohen
                                           Georgia Bar No. 274813