IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KRISTI SHADDOCK, | ) |
| Plaintiff, | ) Civil Action No. 1:12-cv-1742 |
| vs. | ) Hon. Thomas W. Thrash, Jr., U.S.D.J. |
| KAWNEER COMPANY, INC., | ) |
| Defendant. | ) |

**JOINT MOTION TO APPROVE SETTLEMENT
AGREEMENT AND TO DISMISS**

Plaintiff Kristi Shaddock ("Plaintiff") and Defendant Kawneer Company, Inc., ("Defendant" or "Kawneer") (collectively, the "Parties"), respectfully file this joint motion for the Court to approve a settlement between the Parties in the above-captioned matter and to dismiss this matter ("Motion"). In the present action, Plaintiff asserts three (3) claims against Defendant in connection with her employment and termination of employment with Defendant, and seeks damages for alleged violations of the Fair Labor Standards Act ("FLSA") (Count I) and the Family and Medical Leave Act ("FMLA") (Counts II and III). As the case involves claims under the FLSA, this joint Motion is filed pursuant to Lynn's

Foods Stores, Inc. v. U.S. ex reI. U.S. Dep't of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."). The Parties agree and jointly submit to the Court that the following settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. See Wingrove v. D.A. Technologies, Inc., 1:10-CV-3227-HLM, 2011 WL 7324219 at *2 (N.D. Ga. Feb. 14, 2011). An executed copy of the Waiver, Release, and Settlement Agreement is attached hereto as Exhibit 1. In support of their Motion, the parties state as follows:

## I.  Existence of a Bona Fide Dispute Over FLSA Provisions

Plaintiff filed the Complaint in this action against Kawneer on May 18, 2012. The Complaint alleges that Plaintiff was employed by Kawneer as a Credit Analyst[1] from April 16, 2006 to July 11, 2011. See Complaint at ¶ 18. During that time, Plaintiff allegedly performed non-exempt work for Kawneer and worked in excess of forty hours (40) per week but was not properly compensated for all time worked. See id. at ¶¶ 6, 27-29, 46. More specifically, Plaintiff contends that she worked, on average, fifty (50) to sixty (60) hours per week, or ten (10) to twenty

---

[1] In 2008, Plaintiff was promoted to Senior Credit Analyst and occupied this position until her termination on July 11, 2011. See Complaint at ¶ 18.

(20) overtime hours per week, and was not paid the overtime wage differential required by the FLSA.  See id. at ¶¶ 28-29.  Plaintiff's Complaint includes a claim for violation of the overtime provisions of the FLSA (Count I), as well as FMLA claims for termination in interference with Plaintiff's FMLA rights (Count II) and retaliation (Count III).

Kawneer filed its Answer to Complaint with the Court on September 14, 2012 (the "Answer"), strongly disputing Plaintiff's allegations and asserting a number of affirmative defenses to Plaintiff's claims.  Kawneer asserts that Plaintiff's primary job duties required the exercise of discretion and independent judgment concerning matters of significance and that Plaintiff was properly classified as exempt from overtime under the FLSA.  Although Plaintiff's hours were not formally tracked by Kawneer, Plaintiff's co-workers and manager contend that she regularly worked fewer than forty (40) hours per week.  As such, Kawneer adamantly denies that Plaintiff is entitled to any overtime pay and, to the extent Plaintiff was improperly classified as exempt, Kawneer disputes the amount of overtime hours Plaintiff claims she worked.

The Parties have engaged in discovery, including the exchange of information and documents through written discovery.[2]  Additionally, both Parties have taken depositions of key witnesses with knowledge of the factual allegations of the Complaint.[3]  Through their respective counsel, the Parties have separately evaluated Plaintiff's claims in light of the relevant records and information obtained through written discovery and through deposition testimony.

Further, Plaintiff, with assistance of counsel, has estimated the amount of unpaid back wages she is allegedly due from her employment with Defendant. Plaintiff's calculations may be summarized as follows:

As Kawneer paid Plaintiff an annual salary of $58, 448.56, Plaintiff contends she was paid a regular hourly rate of pay was $28.10 with an overtime rate of $42.15 per hour.  Plaintiff estimates that she worked approximately 861 of uncompensated overtime hours during the two (2) years prior to the filing of the

---

[2] On October 15, 2012, Kawneer served Defendant's Initial Interrogatories Directed to Plaintiff and Defendant's Initial Requests for Production of Documents Direct to Plaintiff.  On December 13, 2012, Plaintiff served its Responses to Defendant's discovery requests.  On February 8, 2013, Plaintiff served Kawneer with Plaintiff's First Request for Production of Documents, Plaintiff's First Set of Interrogatories, and Plaintiff's Requests for Admission.  Kawneer served its Responses and Objections to these discovery requests on March 22, 2013.  Subsequently, on April 17, 2013, Kawneer served its Supplemental Responses and Objections to Plaintiff's First Request for Production of Documents and First Set of Interrogatories.

[3] On April 4, 2013, Defendant, through counsel, took the deposition of Plaintiff Kristi Shaddock. On April 17-18, 2013, Plaintiff, through counsel, took the deposition of Plaintiff's manager, a former co-worker and the Company's 30(b)(6) witnesses.

Complaint. Due to the nature of the work time for which wages are claimed, Kawneer and Plaintiff have no records that would show the amount of allegedly unpaid work performed. Therefore, the unpaid wages sought by Plaintiff are based on her recollection and best estimate. In summary, Plaintiff's counsel calculated Plaintiff's alleged FLSA damages as follows:

| | | |
|---|---|---|
| A. | Hours Worked | 861 |
| B. | Hourly Overtime Rate | $42.15 |
| C. | Overtime | 861 x $42.15 = $36,291.15 |
| **D. TOTAL:** | | **$36,291.15** |

In addition, Plaintiff sought attorneys' fees and costs pursuant to the mandatory fee-shifting and cost-shifting provision in the FLSA. 29 U.S.C. § 216(b). Plaintiff sought additional damages for alleged violations of the FMLA.[4]

Although Kawneer admits it did not pay Plaintiff the overtime wage differential, it denies that it was required to do so by the FLSA. Defendant also denies that Plaintiff regularly worked over forty (40) hours in a workweek. As such, Kawneer disputes the fact and amount of the Plaintiff's claimed uncompensated work and contends that she is not entitled to any damages, attorney's fees or costs. Based upon the above, there is a bona fide dispute

---

[4] As settlement agreements related to FMLA disputes do not require court approval, the Motion does not include a comprehensive summary of Plaintiff's alleged FMLA damages.

between the Parties regarding Plaintiff's entitlement to relief under the FLSA.[5]

The crux of the dispute in this case concerns (i) whether Plaintiff was properly classified as an exempt employee outside the purview of the FLSA overtime wage provisions, (ii) the fact and amount of Plaintiff's alleged overtime work, and (iii) the amount of the Plaintiff's alleged damages.

## II. The Parties' Settlement Agreement is a Fair and Reasonable Resolution of the Bona Fide Disputes between the Parties

Following good faith, arms-length negotiations between the two sides, the Parties have reached a settlement of all claims. Due to the uncertainties of litigation, disputed facts between the Parties, the difficulty in proving hours worked, and the benefit to both Parties in avoiding the expense and time associated with further litigation, trial and trial preparation, the Parties have agreed to settle this matter, as described below. An executed copy of the Waiver, Release, and Settlement Agreement (the "Agreement") is attached hereto as Exhibit 1.

The Agreement provides for a total settlement of $22,000 from Kawneer to Plaintiff in complete satisfaction of all claims alleged against Kawneer. Specifically, Kawneer has agreed to pay $9,333.49 to Ms. Shaddock and $12,666.51 in attorney's fees, costs and expenses. Although additional attorney

---

[5] This is also a bona fide dispute as to Plaintiff's entitlement to relief under the FMLA.

time has been spent on this matter following settlement and will be required until final approval of this matter and disbursement of the settlement funds, Plaintiff's counsel represents to the Court that the Plaintiff's recovery of damages will not be reduced by any portion of the attorney's fees or costs in this matter.  Pursuant to the Agreement, Plaintiff agrees to receive less than the full amount of her alleged FLSA and FMLA claims on the basis that such settlement payment will be made as soon as possible.[6]  Thus, the Parties submit to the Court that, because Kawneer will pay $22,000, and Plaintiff will receive $9,333.49 (less applicable withholdings) in an expeditious manner without incurring any expense for legal fees or costs, the settlement is a fair and reasonable resolution of her claim.  See Lynn's Foods Stores, Inc., 679 F.2d at 1353.

### III.   Attorneys Fees

The FLSA includes a mandatory attorney-fee shifting provision pursuant to which a reasonable fee should be awarded. 29 U.S.C. § 216(b).  In this circuit, judicial review of FLSA settlements generally includes a review of counsel's legal

---

[6] Section 1 of the Agreement provides that Kawneer shall use good faith efforts to (i) provide the draft of this Agreement and a Motion for Approval of Settlement Agreement ("Motion") within three (3) business days following the parties' agreement in principle; (ii) respond to edits to the draft Agreement and Motion for within two (2) business days following receipt of such edits; (iii) file the Motion with the court no later than the next business day after the signed Agreement is provided by Shaddock's counsel; (iv) overnight mail settlement checks to Shaddock's counsel on the day the Court approves the settlement.

fees to ensure that counsel is adequately compensated and to ensure that no conflict of interest taints the amount to be received by the plaintiff employee under a settlement agreement. Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

The following attorney's fees and expenses have been incurred in this matter:  Plaintiff's counsel estimates that, as of this date, Plaintiff has incurred $78,928.00 in attorney fees.  Of the accrued fees, $60,230.00 is attributable to work by associates at a rate of $250 per hour and $810 is attributable to work by partners at $450 per hour.  The remaining amount is comprised of paralegal work. In addition, Plaintiff's counsel has incurred $3,866.51 in litigation costs, the vast majority of which consists of deposition transcripts and other court reporter costs.

As discussed above, Plaintiff's counsel has agreed to accept the amount stated in the Agreement ($12,666.51) in satisfaction of its attorney's fees, costs and expenses which represents a compromise and payment for the work of Plaintiff's counsel on this matter.  Plaintiff's counsel does not intend to seek any further funds from Plaintiff.

WHEREFORE, the Parties respectfully request the Court grant their Joint Motion to Approve Settlement Agreement and to Dismiss by finding that this matter represents a bona fide dispute over FLSA provisions and that the above-described settlement is a fair and reasonable resolution of the dispute.  See

<u>Wingrove</u>, 2011 WL 7324219 at *2-3.  The Parties further request that the Court enter an order approving the Agreement, attached hereto as <u>Exhibit 2</u>, and dismissing this matter with prejudice.

Respectfully submitted this 13th day of May, 2013.

**BARRETT & FARAHANY, LLP**

By: /s/ Benjamin Stark
Benjamin Stark
Georgia Bar No. 601867
Attorney for Plaintiff
1100 Peachtree Street, Suite 500
Atlanta, GA 30309
Phone:  (404) 214-0120
Email:  bstark@bf-llp.com

**STEWART, MELVIN & FROST**

Douglas Stewart
Georgia Bar No. 681300
200 Main Street, Suite 600
Gainesville, GA  30501
Tel:  (770) 536-0101
Email:  dstewart@smf-law.com

**K&L GATES LLP**

Rosemary Alito, *Pro Hac Vice*
One Newark Center – 10th Floor
Newark, NJ  07102
Tel:  (973) 848-4047
Fax:  (973) 848-4001
Email:  rosemary.alito@klgates.com


By: /s/ Christine Watts Johnston
Christine W. Johnston*, Pro Hac Vice*
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Tel:  617-261-3138
Fax:  617-261-3175
Email: christine.johnston@klgates.com

Attorneys for Defendant Kawneer Co., Inc.